MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
-------------------------------------------------------X
NEREIDA  HERNANDEZ  LEAL,
*individually and on behalf of others similarly*
*situated,*

**COMPLAINT**

*Plaintiff*,

-against-

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

ROBBIE'S LAUNDRYMAT, INC.   (D/B/A
ROBBIE'S LAUNDRYMAT), ROBERTO
RIVERO, and MAGALY RIVERO,

**ECF Case**

*Defendants.*

-------------------------------------------------------X

Plaintiff Nereida Hernandez Leal ("Plaintiff Hernandez" or "Ms. Hernandez"), individually and on behalf of others similarly situated, by and through her attorneys, Michael Faillace & Associates, P.C., upon her knowledge and belief, and as against Robbie's Laundrymat, Inc. (d/b/a Robbie's Laundrymat), ("Defendant Corporation"), Roberto Rivero and Magaly Rivero, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1.      Plaintiff Hernandez is a former employee of Defendants Robbie's Laundrymat, Inc. (d/b/a Robbie's Laundrymat), Roberto Rivero, and Magaly Rivero.

2.       Defendants own, operate, or control a laundromat, located at 547 Hudson Ave, Weehawken, NJ 07086 under the name "Robbie's Laundrymat."

3.      Upon information and belief, individual Defendants Roberto Rivero and Magaly Rivero, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the laundry service as a joint or unified enterprise.

4.      Plaintiff Hernandez was employed as a laundry attendant at the laundromat located at 547 Hudson Ave, Weehawken, NJ 07086.

5.      At all times relevant to this Complaint, Plaintiff Hernandez worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that she worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Hernandez appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Defendants' conduct extended beyond Plaintiff Hernandez to all other similarly situated employees.

8.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Hernandez and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9.      Plaintiff Hernandez now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), including applicable liquidated damages, interest, attorneys' fees and costs.

10.     Plaintiff Hernandez seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Hernandez's state law claims under 28 U.S.C. § 1367(a).

12.      Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a laundromat located in this district. Further, Plaintiff Hernandez was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

13.     Plaintiff Nereida Hernandez Leal ("Plaintiff Hernandez" or "Ms. Hernandez") is an adult individual residing in Hudson County, New Jersey.

14.     Plaintiff Hernandez was employed by Defendants at Robbie's Laundrymat from approximately 2006 until on or about August 19, 2018.

15.     Plaintiff Hernandez consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

16.     At all relevant times, Defendants own, operate, or control a laundromat, located at 547 Hudson Ave, Weehawken, NJ 07086 under the name "Robbie's Laundrymat."

17.     Upon information and belief, Robbie's Laundrymat, Inc. (d/b/a Robbie's Laundrymat) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 547 Hudson Ave, Weehawken, NJ 07086.

18.     Defendant Roberto Rivero is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Roberto Rivero is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Roberto Rivero possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Hernandez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

19.     Defendant Magaly Rivero is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Magaly Rivero is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Magaly Rivero possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Hernandez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

20.     Defendants operate a laundromat located in Weehawken, New Jersey.

21.     Individual Defendants, Roberto Rivero and Magaly Rivero, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

22.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

23.     Each Defendant possessed substantial control over Plaintiff Hernandez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Hernandez, and all similarly situated individuals, referred to herein.

24.     Defendants jointly employed Plaintiff Hernandez (and all similarly situated employees) and are Plaintiff Hernandez's (and all similarly situated employees') employers within the meaning of 29 U.S.C. §§ 201, *et seq*.

25.     In the alternative, Defendants constitute a single employer of Plaintiff Hernandez and/or similarly situated individuals.

26.     Upon information and belief, Individual Defendants Roberto Rivero and Magaly Rivero operate Defendant Corporation as either an alter ego of themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

       a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of their own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

27.     At all relevant times, Defendants were Plaintiff Hernandez's employers within the meaning of the FLSA. Defendants had the power to hire and fire Plaintiff Hernandez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Hernandez's services.

28.     In each year from 2015 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the laundry service on a daily basis are goods produced outside of the State of New Jersey.

*Individual Plaintiff*

30.     Plaintiff Hernandez is a former employee of Defendants who was employed as a laundry attendant. Plaintiff Hernandez seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Nereida Hernandez Leal*

31.     Plaintiff Hernandez was employed by Defendants from approximately 2006 until on or about August 19, 2018.

32.     Defendants employed Plaintiff Hernandez as a laundry attendant.

33.     Plaintiff Hernandez regularly handled goods in interstate commerce, such as detergents and other supplies produced outside the State of New Jersey.

34.     Plaintiff Hernandez's work duties required neither discretion nor independent judgment.

35.     Throughout her employment with Defendants, Plaintiff Hernandez regularly worked in excess of 40 hours per week.

36.     From approximately August 2015 until on or about August 19, 2018, Plaintiff Hernandez worked from approximately 7:00 a.m. until on or about 4:00 p.m. to 4:30 p.m. three days or four days per week and from approximately 3:00 p.m. until on or about 11:00 p.m. or 11:30 p.m., two days per week (approximately 44.25 to 53.5 hours per week).

37.     More specifically, Plaintiff Hernandez would alternate between working five days per week (approximately 44.25 hours per week) and six days per week (approximately 53.5 hours per week).

38.     Throughout her employment, Defendants paid Plaintiff Hernandez her wages in cash.

39.     From approximately August 2015 until on or about August 19, 2018, Defendants paid Plaintiff Hernandez a fixed salary of $70 per day.

40.     Plaintiff Hernandez's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

41.     For example, Defendants regularly required Plaintiff Hernandez to work an additional 30 minutes to 1 hour past her scheduled departure time, and did not pay her for the additional time she worked.

42.     Plaintiff Hernandez was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

43.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Hernandez regarding overtime and wages under the FLSA.

*Defendants' General Employment Practices*

44.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Hernandez (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage and overtime compensation as required by federal and state laws.

45.     Plaintiff Hernandez was a victim of Defendants' common policy and practices which violate her rights under the FLSA, *inter alia*, not paying her the wages she was owed for the hours she worked.

46.     Defendants' pay practices resulted in Plaintiff Hernandez not receiving payment for all her hours worked, and resulted in Plaintiff Hernandez's effective rate of pay falling below the required minimum wage rate.

47.     Defendants habitually required Plaintiff Hernandez to work additional hours beyond her regular shifts but did not provide her with any additional compensation.

48.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA by failing to maintain accurate and complete timesheets and payroll records.

49.     Defendants paid Plaintiff Hernandez her wages in cash.

50.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA.

51.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Hernandez (and similarly situated individuals) worked, and to avoid paying Plaintiff Hernandez properly for her full hours worked.

52.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA.

53.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Hernandez and other similarly situated former workers.

## FLSA COLLECTIVE ACTION CLAIMS

54.     Plaintiff Hernandez  brings her FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

55.     At all relevant times, Plaintiff Hernandez and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and

plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

56.     The claims of Plaintiff Hernandez stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

57.     Plaintiff Hernandez repeats and realleges all paragraphs above as though fully set forth herein.

58.     At all times relevant to this action, Defendants were Plaintiff Hernandez's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Hernandez (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

59.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

60.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r-s).

61.     Defendants failed to pay Plaintiff Hernandez (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

62.     Defendants' failure to pay Plaintiff Hernandez (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

63.     Plaintiff Hernandez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

64.     Plaintiff Hernandez repeats and realleges all paragraphs above as though fully set forth herein.

65.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Hernandez (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

66.     Defendants' failure to pay Plaintiff Hernandez (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

67.     Plaintiff Hernandez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Hernandez respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Hernandez and the FLSA Class members;

- 11 -

(c)      Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Hernandez and the FLSA Class members;

(d)      Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Hernandez's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)      Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Hernandez and the FLSA Class members;

(f)      Awarding Plaintiff Hernandez and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)      Awarding Plaintiff Hernandez and the FLSA Class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Awarding Plaintiff Hernandez damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable;

(i)      Awarding Plaintiff Hernandez and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(j)       Awarding Plaintiff Hernandez and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees; and

(k)      All such other and further relief as the Court deems just and proper.

## <u>JURY DEMAND</u>

Plaintiff Hernandez demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

August 23, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:       /s/ Sara Isaacson
Sara Isaacson, Esq.
Michael Faillace & Associates PC
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

**Employment and Litigation Attorneys**

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

August 20, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Nereida Hernandez Leal

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:                *Naraida Hdez*

Date / Fecha:                     20 de agosto de 2018

*Certified as a minority-owned business in the State of New York*